IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRAVON T. HARRIS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-21-896 |
| GAIL WATTS, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Plaintiff Travon T. Harris, Jr., currently detained at the Baltimore County Detention Center ("BCDC") and pending trial in a state criminal matter, brings this action pursuant to 42 U.S.C. § 1983 against BCDC Director Gail Watts; Baltimore County prosecutors Scott Shellenberger and Catharine Rosenblatt; Baltimore County Executive John A. Olszewski; Baltimore County Circuit Court Judges Dennis M. Robinson and Robert E. Cahill, Jr.; the Maryland State Apprehension Team ("MSAT"); the Capital Area Regional Fugitive Task Force ("CARFT"); TFO Musa Hammett; TFO Tyreze Braxton, Marcus Easley; and the State of Maryland.  ECF No. 1.  Harris alleges that MSAT, CARFT, and Officers Hammett, Braxton, and Easley (collectively, the "Police Defendants") subjected him to an illegal search and seizure in violation of his constitutional rights. *Id.* at 3-5.  Harris also claims that Judge Robinson improperly authorized a search warrant; prosecutors Shellenberger and Rosenblatt falsely indicted him; and Judge Cahill improperly denied him a motions hearing.  *Id.* at 5-6.  Lastly, Harris complains about the conditions of his confinement at BCDC.  *Id.* at 6-7.  He seeks $100 million in damages as well as a full investigation of the Baltimore County judicial system, BCDC, and MSAT.  *Id.* at 8.

Harris has moved for leave to proceed in Forma Pauperis.  ECF No. 2.  The affidavit in support of the motion fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the

relevant portion of which provides:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2).

Harris must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained in each. To assist him, the Finance Officer at BCDC shall be directed to file a certificate with the Court that states (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

Because Harris proceeds in forma pauperis, the Court retains an independent duty to review the claims for sufficiency. *See* 28 U.S.C. § 1915. Accordingly, the Court reviews the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and shall dismiss any claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such suit. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020).

The Court construes the Complaint facts as true and most favorably to Harris. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Nonetheless, several claims fail as a matter of law, while others must be stayed pending the outcome of his state criminal case. First, Defendants State of Maryland, Judges Robinson and Cahill, and prosecutors Shellenberger and Rosenblatt enjoy immunity from suit and so will be dismissed with prejudice. Second, as to the

allegations arising from Harris' criminal prosecution against the Police Defendants, the *Younger*[1] abstention doctrine requires a stay of his claims for money damages. However, insofar as Harris attempts to seek mandamus relief as to state or local agencies, the claim is dismissed with prejudice because the Court lacks jurisdiction. Lastly, as to his conditions of confinement claim, the Complaint fails to make plausible that such conditions amount to a violation of his Eighth Amendment right to be free from cruel and unusual punishment, or that BCDC Director Watts and Baltimore County Executive Olszewski individually contributed to any claimed deprivation. The conditions of confinement claim, therefore, must be dismissed without prejudice. These deficiencies are discussed separately below.

## I.     **Individual Defendants' Immunity from Suit**

Defendants State of Maryland, Judges Robinson and Cahill, and prosecutors Shellenberger and Rosenblatt enjoy immunity from suit. As for the State of Maryland, the Eleventh Amendment to the United States Constitution bars citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Maryland has not waived immunity for claims brought pursuant to 42 U.S.C. § 1983. Accordingly, Defendant Maryland shall be dismissed from this suit with prejudice.

Similarly, Judges Robinson and Cahill enjoy judicial immunity because Harris sues them for decisions made in their capacities as judges. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles*

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

*v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*).  Judicial immunity is absolute; it protects a defendant from damages suits entirely.  *Id*. at 11.  Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).  The Complaint facts, viewed as true and most favorably to Harris, seek to hold both judges liable for actions taken in connection with Harris' criminal case.  But because the judges are immune from suit, the claims against them are dismissed with prejudice.

Maryland's State's Attorneys Shellenberger and Rosenblatt also enjoy immunity as quasi-judicial officers when performing prosecutorial functions, as opposed to investigative or administrative ones.  *See Imbler v. Pachtman*, 424 U.S. 409, 422-23 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v. Williams*, 122 F.3d 211 (4th Cir. 1997).  "'Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Grant v. Maryland*, Civil Action No. PWG-17-2816, 2018 WL 1069363, at *2 (D. Md. Feb. 26, 2018) (quoting *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); *see also Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23).  The Complaint avers that the prosecutors violated Harris' constitutional rights when they indicted him, a squarely "quasi-judicial" function for which Shellenberger and Rosenblatt are immune from suit.  *See Lyles v. Sparks*, 79 F.3d 372, 376-77 (4th Cir. 1996).  The claims against them are also dismissed with prejudice.

4

## II.     Claims Arising from Harris' State Criminal Case

The Complaint avers that Harris' criminal case is presently pending in the Circuit Court for Baltimore County.  *See* ECF No. 1.  As to claims brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of a pending state criminal action, the *Younger* abstention doctrine applies.  *See Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989); *see also Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008).   "[T]he comity concerns of *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Id.*  Importantly, the *Younger* doctrine "is not merely a principle of abstention; rather, the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (internal quotation omitted).  To the extent the cause of action seeks damages, however, "a 'District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding.'"  *Nivens v. Gilchrist*, 444 F.3d 237, 248 (2006) (quoting *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988)); *see also Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721 (1996).

The Complaint squarely challenges "the conduct of state officials . . . in investigating or prosecuting the charges underlying the criminal case" pending in state court.  *Traverso*, 874 F.2d at 212.  Thus, pursuant to *Younger,* the claims for money damages against the Police Defendants shall be stayed.

The requested injunctive relief is a different matter.  The Complaint requests that the Court order "a full investigation" into the Baltimore County judicial system, BCDC, and MSAT.  ECF No, 1-1.  This request is most akin to a petition for a writ of mandamus.  *See* 28 U.S.C. § 1361.  Under 28 U.S.C. § 1361, this Court maintains original jurisdiction in the nature of mandamus to

5

compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. But this Court does not retain similar mandamus jurisdiction over county or state employees, including the Police Defendants or any other named defendant. *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the requested mandamus action must be dismissed with prejudice.

### III. Conditions of Confinement Claims

Harris also complains about the confinement conditions at BCDC. According to the Complaint, Harris has been served cold food; he is in a cell full of rusted metal and with no call button or table; and he has no ladder to reach his top bunk. At the time of Harris' confinement giving rise to this claim, he was a pretrial detainee in Baltimore County, Maryland. Accordingly, his claim is analyzed under the Fourteenth Amendment to the United States Constitution. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 575 (4th Cir. 2001); *Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir. 1992). "The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment." *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

Conditions that "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment in violation of the Eighth Amendment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions that are merely restrictive or even harsh are not actionable as they are "part of the penalty that criminal offenders pay for their offenses against society." *Id*. Put differently, "'routine discomfort' is part of prison life." Accordingly, to sustain a conditions of confinement case, the prisoner must demonstrate that he has suffered "extreme deprivations." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996)

(internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)).

The Complaint facts, taken as true and most favorably to Harris, simply do not rise to the level of deprivation necessary to sustain the claim. Undoubtedly, Harris would be more comfortable with an easier way to reach his bunk or with newer or additional equipment in his cell. But as pleaded, the Court cannot find that he has made plausible an Eighth Amendment violation.

Equally problematic, the Complaint does not explain how Defendants Watts and Olszewski are responsible for any claimed deprivations. Watts and Olzewski are merely named in the caption of the Complaint. Because liability for constitutional violations brought pursuant to § 1983 attaches based on the specific action or inaction taken by a named defendant, *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), the claims pertaining to Watts and Olzewski fail as a matter of law.

Accordingly, the conditions of confinement claim is dismissed without prejudice. The Court will provide Harris forms for filing a § 1983 Complaint should he wish to refile the claim. Harris is cautioned that any refiled claim must provide sufficient facts demonstrating how his detention conditions amount to an Eighth Amendment violation. He must also identify each individual defendant and provide sufficient detail to make plausible each defendant's individual participation in the claimed deprivation.

A separate Order follows.

|     |     |
| --- | --- |
|    4/28/21    |    /S/    |
| Date | Paula Xinis<br>United States District Judge |